**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

ARIUS ROBINSON, ALEXANDER VAUGHN
Plaintiff

Case # 2023 CA 000212
Judge ____________

vs.
C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOS
Defendant

---

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
- ☐ Business governance
- ☐ Business torts
- ☐ Environmental/Toxic tort
- ☐ Third party indemnification
- ☐ Construction defect
- ☐ Mass tort
- ☐ Negligent security
- ☐ Nursing home negligence
- ☐ Premises liability—commercial
- ☐ Premises liability—residential

☐ Products liability
☐ Real Property/Mortgage foreclosure
- ☐ Commercial foreclosure
- ☐ Homestead residential foreclosure
- ☐ Non-homestead residential foreclosure
- ☐ Other real property actions

☐Professional malpractice
- ☐ Malpractice—business
- ☐ Malpractice—medical
- ☐ Malpractice—other professional

☒ Other
- ☐ Antitrust/Trade regulation
- ☐ Business transactions
- ☐ Constitutional challenge—statute or ordinance
- ☐ Constitutional challenge—proposed amendment
- ☐ Corporate trusts
- ☒ Discrimination—employment or other
- ☐ Insurance claims
- ☐ Intellectual property
- ☐ Libel/Slander
- ☐ Shareholder derivative action
- ☐ Securities litigation
- ☐ Trade secrets
- ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox — Attorney or party
Fla. Bar # 739685 — (Bar # if attorney)

Marie A Mattox
(type or print name)

02/01/2023
Date

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

**ARIUS ROBINSON and ALEXANDER VAUGHN,**

**Plaintiffs,**

**v.**

**C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL**

**Defendant.**
____________________________________/

**CASE NO.: 23-** 2023 CA 000212
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**C/HCA, INCORPORATED d/b/a**
**HCA FLORIDA CAPITAL HOSPITAL**
**c/o C T CORPORATION SYSTEM – REGISTERED AGENT**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ____________________, 2023.

CLERK OF THE CIRCUIT COURT

By:____________________________________ 02/02/2023

CLERK OF THE CIRCUIT COURT & COMPTROLLER LEON COUNTY GWEN MARSHALL

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

**ARIUS ROBINSON and ALEXANDER VAUGHN,**

**CASE NO.: 23-** 2023 CA 000212
**FLA BAR NO.: 0739685**

**Plaintiffs,**

**v.**

**C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL**

**Defendant.**
_______________________________________/

## COMPLAINT

Plaintiffs, ARIUS ROBINSON and ALEXANDER VAUGHN, hereby sue Defendant, C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, ARIUS ROBINSON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his gender.

4. At all times pertinent hereto, Plaintiff, ALEXANDER VAUGHN, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his gender.

5. At all times pertinent hereto, Defendant, C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiffs, who are both males, were employed with Defendant as of July 1, 2022.

8. Despite their stellar work performance during their employment with Defendant, Plaintiffs have been subjected to disparate treatment, different terms and conditions of employment and were held to a different standard because of their gender/sexual orientation.

9. The disparate treatment and retaliation came at the hands of specifically but not limited to Supervisor, Malika Clark, Interim Director, Heather Songer, Chief Nursing Officer, Tara Beth (lnu) and Human Resource Officer, Micah Roden.

10. In the early morning of June 24, 2022, Plaintiff Robinson was exhausted from working multiple shifts. A charge nurse gave Plaintiff an energy drink to assist him in staying awake.

11. At 2:30 a.m. Plaintiff Robinson and his co-worker Plaintiff Vaughn, whom Plaintiff Robinson was in a romantic relationship with, took their scheduled break on the third floor. Mr. Vaughn hugged Plaintiff just as a heterosexual couple would hug. There was nothing sexual about the hug.

12. A visitor witnessed Plaintiffs hugging and filed a complaint for "inappropriate activity" between two male colleagues.

13. Later that day, Plaintiffs met with their supervisors, Malika Clark, Heather Songer, and Tara Beth, to discuss the events that occurred. Plaintiffs were corporative and explained how the physical contact occurred.

14. There was no inappropriate activities in public while on the premises of the Defendant.

15. Plaintiffs were thereafter suspended and placed on leave without pay.

16. Plaintiffs then applied for short term disability and requested a leave of absence.

17. Shortly after the requests were filed, they both received calls informing them that the investigation had ended. They were advised that they were not able to move forward until the leave of absence process ran its course, which would take up to twenty days. Unsure of the future, both Plaintiffs cancelled their claims and arranged for a meeting with Ms. Songer and Mr. Rode.

18. In the meeting, Ms. Songer and Mr. Roden stated that on June 20, 2022, Plaintiff Robinson went over his thirty minutes break which was a violation of company policy. They stated that when Plaintiff Robinson was confronted over the incident by the charge nurse, he was dismissive and did not take the issue seriously.

19. On the date in question Plaintiff Robinson accidentally returned from break late, however, Matthew (lnu) did not confront Robinson about going over the schedule break time. Therefore, Plaintiff Robinson was not dismissive of the matter because he did not have a conversation with management about going over the scheduled break time.

20. In the meeting with Ms. Songer and Mr. Roden was the first time Plaintiff Robinson was made aware of the allegation that he went over his allotted break time. It was stated that the footage from the video surveillance was used as grounds to terminate Plaintiffs.

21. Plaintiffs were not aware of any complaints made of inappropriate conduct with persons in a heterosexual relationship but they both observed persons in heterosexual relationships touching each other with immunity. Plaintiffs have hugged other coworkers both male and female, but no reports of inappropriate conduct were made.

22. Plaintiffs filed appeals with Defendant to fight their terminations.

23. During the appeal process, Plaintiffs had to attend peer review sessions. In these sessions the grounds for Plaintiffs' termination were discussed. Mr. Roden refused to allow Plaintiffs to see the video footage that was used to terminate them but it was clear that they were being fired for the perception that they engaged in homosexual acts.

24. Tim Crabtree, the Ethics committee member who investigated these allegations, affirmed that there appeared to be sexual misconduct and that the witness to the incident was very credible. Mr. Crabtree went on to state that he had a hard time believing otherwise, and that CEO Alan Keese would feel the same way.

25. In the final steps of the appeal, Micah Roden, Vice President for Defendant, said that the video footage was not used in the determination to terminate Plaintiffs. Mr. Roden stated that the video footage did not show sexual misconduct between Plaintiffs. He stated that the witness to the incident also did not work for Defendant.

26. In the peer review session, the ground for Plaintiff Robinson's dismissal was that he violated Defendant's Break and Meal policy which came in effect on December 1, 2018. Defendant's management stated that Plaintiff Robinson stayed over his break time on June 20,

2022 and that Plaintiff Robinson was dismissive and nonchalant when he was confronted about the incident. But, as stated above, there was no confrontation about this issue.

27. In the peer review session, management asked the charge nurse if there was extra time given to Plaintiff Robinson for his break and the response was “yes”. Management advised that the charge nurse was not authorized to give Plaintiff Robinson extra time for his break.

28. Plaintiff Robinson was not made aware of this and acted under the permission that he received from Defendant’s management. Defendant treated Plaintiff Robinson unfairly because he was being punished for taking extra time for his break with permission from management, while the charge nurse was not reprimanded for acting outside of their authority.

29. After the final appeal process, which was in August 2022, the decision to terminate Plaintiffs was upheld.

30. Plaintiffs were held to a different standard than persons in heterosexual relationships in the workplace, and were disciplined, suspended, and ultimately terminated due to their gender and sexual orientation.

31. Plaintiffs have retained the undersigned to represent their interests in this cause and are obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**GENDER/SEXUAL ORIENTATION DISCRIMINATION**

32. Paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. This is an action against Defendant for discrimination based upon gender/sexual orientation brought under Chapter 760, Florida Statutes.

34. Plaintiffs have been the victims of discrimination on the basis of their gender/sexual orientation in that they was treated differently than similarly situated employees of Defendant who

are heterosexual and have been subject to disparate and poor treatment on the basis, at least in part, of Plaintiffs' gender/sexual orientation.

35. Defendant is liable for the differential treatment and hostility towards Plaintiffs because it controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs.

36. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiffs as more fully set forth above because it allowed the differential treatment and participated in same.

37. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

38. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender/sexual orientation-based nature and in violation of the laws set forth herein.

39. The discrimination complained of herein affected a term, condition, or privilege of Plaintiffs continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiffs' termination.

40. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender/sexual orientation in violation of Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

41. As a direct and proximate result of Defendant's conduct described above, Plaintiffs have suffered emotional distress, mental pain and suffering, past and future pecuniary losses,

inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiffs are entitled to injunctive/equitable relief and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) enter judgment against Defendant and for Plaintiffs awarding all legally-available general and compensatory damages and economic loss to Plaintiffs from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiffs awarding Plaintiffs attorney's fees, costs and punitive damages;

(f) award Plaintiffs interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury on all issues herein that are so triable.

DATED this 1st day of February 2023.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

# LEON COUNTY Receipt of Transaction

## Receipt # 1689181

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox

,

**On Behalf Of:**

,

On: 2/2/2023 10:23:12AM
Transaction # 100964488
Cashiered by: A TOLLIVER

**CaseNumber 2023 CA 000212**

**Judge ANGELA C DEMPSEY**

**ARIUS ROBINSON *VS* C/HCA, INCORPORATED, D/B/A HCA FLORIDA CAPITAL HOS**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 165959318 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | **Payments Total:** | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**ARIUS ROBINSON**

Plaintiff

vs CASE NO.: 2023 CA 000212

**C HCA, INCORPORATED,**

Defendant
_______________________________________________/

**UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time
210 days after filing: Adding New Parties
270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing: Completion of Fact and Expert Discovery
450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

**V. Mediation**

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

**VI. Noncompliance**

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

**VII. Hearings by Audio-Video Technology**

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Thursday, February 2, 2023
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

**SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

Case 4:23-cv-00224-RH-MAF Document 1-1 Filed 05/30/23 Page 18 of 21

# VERIFIED RETURN OF SERVICE

Job # T231450

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

**PLAINTIFF:**
ARIUS ROBINSON and ALEXANDER VAUGHN,
-versus-
**DEFENDANT:**
C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL

CIRCUIT COURT
County of Leon, Florida
Court Case # **2023-CA-000-212**

**Service Info:**

**Received by Mikhael Goldgisser: on May, 9th 2023** at **11:55 PM**
**Service:** I Served **C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL c/o CT CORPORATIONS SYSTEM-REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE,DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **Donna Moch, EMPLOYEE-AUTHORIZED TO ACCEPT**

**At Business 1200 S. PINE ISLAND ROAD PLANTATION, FL 33324**
Latitude: **26.097626**, Longitude: **-80.251131**

On **5/10/2023** at **12:25 PM**
**Manner of Service: CORPORATE R/A**
F.S. 48.091(1)(2) CORPORATIONS: DESIGNATION OF REGISTERED AGENT

**Served Description: (Approx)**

Age: **45**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 7"**, Weight: **145**, Hair: **Brown** Glasses: **No**

I **Mikhael Goldgisser** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Mike Goldgisser

**Mikhael Goldgisser**
Lic # **SPS# 1556**

**Accurate Serve of Tallahassee**
400 Capital Circle Southeast
Tallahassee, FL 32301

Client # Robinson
Ref # MIA8974

Filing # 165959318 E-Filed 02/01/2023 11:46:49 PM

DATE: 5/10/2023 TIME: 12:25 PM
MILITARY: NA
MARITAL STATUS: NA

**IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA**

**ARIUS ROBINSON and ALEXANDER VAUGHN,**

**Plaintiffs,**

**v.**

**C/HCA, INCORPORATED, d/b/a HCA FLORIDA CAPITAL HOSPITAL**

**Defendant.**
_______________________________/

**CASE NO.: 23-** 2023 CA 000212
**FLA BAR NO.: 0739685**

# SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**C/HCA, INCORPORATED d/b/a**
**HCA FLORIDA CAPITAL HOSPITAL**
**c/o C T CORPORATION SYSTEM – REGISTERED AGENT**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___________________, 2023.

CLERK OF THE CIRCUIT COURT

By:___________________________________ 02/02/2023

CLERK OF THE CIRCUIT COURT & COMPTROLLER LEON COUNTY GWEN MARSHALL

# Leon County Clerk of the Circuit Court and Comptroller
# Court Case Search

Full Case View

**Print Page**

**37 2023 CA 000212 - ROBINSON, ARIUS vs C HCA INCORPORATED**

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | C HCA, INCORPORATED, , | DEFENDANT | | ACTIVE |
| | ROBINSON, ARIUS | PLAINTIFF | MARIE A MATTOX | ACTIVE |
| | VAUGHN, ALEXANDER | PLAINTIFF | MARIE A MATTOX | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 2/2/2023 9:13:40 AM | | | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|

Top of Page

Judges Appearing on Case

| Last Name | First Name | Date Assigned | Source |
|---|---|---|---|
| DEMPSEY | ANGELA | 2/2/2023 10:23:10 AM | BM |

Top of Page

**Viewing Option for Sensitive and Confidential Cases**

**Non-Viewable images in Court Cases Requiring Clerk Assistances**

**e-Certify**

Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order
Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 2/1/2023 | 2 | CCS | ‹‹-Req $ | CIVIL COVER SHEET | | | BM |
| 2/1/2023 | 3 | COMP_CA | ‹‹-Req $ | COMPLAINT | | | BM |
| 2/1/2023 | 4 | SUIS | ‹‹-Req $ | SUMMONS ISSUED | | | BM |
| 2/2/2023 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | | | BM |
| 2/2/2023 | 5 | RECEIPT | ‹‹-Req $ | PAYMENT $410.00 RECEIPT #1689181 | | | BM |
| 2/2/2023 | 6 | UOCC | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2023-02-02 | | | BM |

| | | | | | |
|---|---|---|---|---|---|
| 5/10/2023 | 7 | ROSE_ | ‹‹-Req $ | RETURN OF SERVICE EXECUTED - C/HCA, INCORPORATED | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| Ordered Amt | Paid | Ar Plan Dismissed | Balance | Delinquent |
|---|---|---|---|---|

Top of Page